IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,

    Plaintiff,                    No. 2:12-cv-2552 AC

    vs.

UNKNOWN,

    Defendant.                 ORDER

_____/

        On October 12, 2012, an inmate at California Medical Facility-Vacaville (CMF) filed a brief note directed to the Clerk of the Court wherein he stated that by the time the document reached the court he would have "hung" himself. See Doc. No. 1. Inmate Springfield also therein stated he was "depressed" and that it was "difficult to receive access to the court from the Department of Mental Health." Id. Finally, Mr. Springfield indicated that he had filed "a 1983 [sic]," and asserted his hope that his family would "follow" it as he would "be in heaven." Id. The abbreviated letter was denoted an "emergency motion."

        Although there was no § 1983 action pending, the Court immediately directed the supervising deputy attorney general to contact the warden at CMF, ascertain inmate Springfield's status, and address any suicide risk. Doc. No. 3. Three days later, on October 15,

1

2012, Supervising Deputy Attorney General Monica N. Anderson provided a declaration from Dr. Richard Lipon, the Acting Medical Director of the Acute Psychiatric Treatment Program at CMF.  See Doc. Nos. 4, 4-1.  Dr. Lipon reported that inmate Springfield had been admitted to CMF's Acute Psychiatric Unit on September 19, 2012.  In response to the Deputy Attorney General's inquiry on October 12, 2012, the psychiatrist on duty, Dr. Reddy, conducted an immediate evaluation of Mr. Springfield and placed him on "one-to-one suicide watch observation."  Id.  The suicide watch was continued through the week-end, inmate Springfield was seen by twice by two different psychiatrists during that time, and suicide risk assessment and evaluation were scheduled to continue.  Lipon Dec. (Doc. No. 4-1).

Other than his initial letter and a subsequent form consenting to the jurisdiction of the magistrate judge, filed on November 19, 2012, no pleadings have been filed by inmate Springfield.  In order to commence an action, a plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  Other than denying as moot the "emergency motion," the court will not issue any orders granting or denying relief until an action has been properly commenced.  Plaintiff will be provided the opportunity to file his complaint, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's "emergency motion," filed on October 12, 2012 (Doc. No. 1), is denied as moot;

2. Plaintiff is granted thirty days from the date of service of this order to file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

2

this case; plaintiff must file an original and two copies of the complaint. Plaintiff shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00. Plaintiff's failure to comply with this order will result in dismissal of this matter; and

    3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

DATED: December 6, 2012.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
spri2552.nocompl