IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,

           Plaintiff,                No. 2:12-cv-2552 AC P

     vs.

VIMAL J. SINGH, et al.,

           Defendants.         <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of the magistrate judge.  ECF No. 8.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

2

1  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2  that the defendant is liable for the misconduct alleged."  Id.

3          In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

6  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

7          At the outset, plaintiff's 235-page complaint (ECF No. 12)[1] violates Rule 8(a)(2)

8  of the Federal Rules of Civil Procedure Rule which requires "a short and plain statement of the

9  claim showing that the pleader is entitled to relief . . . ."  Moreover, by submitting a supplement

10  to the complaint a few days later (ECF No. 13), plaintiff has not complied with Local Rule 220

11  which directs, in relevant part, that "every pleading to which an amendment or supplement is

12  permitted ... shall be ...filed so that it is complete in itself without reference to the prior or

13  superseded pleading.  No pleading shall be deemed amended or supplemented until this Rule has

14  been complied with."[2]

15          Plaintiff has named some twenty-four defendants, a number of whom are

16  employed at California State Prison-Lancaster (CSP-Lac) while others are employed at

17  California Medical Facility-Vacaville (CMF) and still others are employed as "special agents" in

18  the "Office of Correctional Safety" in Sacramento.  ECF No. 12, pp. 2-4.

19          Plaintiff complains of a plethora of putative constitutional violations.  He claims

20  that his due process rights were violated by various defendants at both CSP-Lac and CMF in

21  validating him as a Black Guerilla Family gang member.  He claims that he was retained in

22  administrative segregation without due process at CSP-Lac and that a falsified 128-G chrono

23  _____

24  [1]    The body of his complaint is more than fifty pages in length to which he appends
more than one hundred and eighty pages of randomly organized exhibits.

25  [2]    Although it appears that, in his supplement, plaintiff merely intends to correct his
erroneous omission of a date and signature in the original complaint, it is important that the
26  complete pleading be contained within one document.

1  was used to conduct an illegal investigation of his alleged gang association when finding him

2  with an unauthorized cell phone was not enough to send him into the security housing unit.  He

3  claims that false statements were contained in 128-G following an ICC[3] hearing.  ECF No. 12,

4  pp. 7-11.  He alleges he was deprived of his right to receive mental health treatment after he was

5  referred to the Department of Mental Health due to his "active decompensation in Ad Seg."  Id.

6  at 11-12.  He claims his food was tampered with while he was in Ad Seg.  Id. at 12-13.

7          Plaintiff alleges he was threatened with an out-of-state transfer and that when he

8  was transferred to CMF to the Acute Psychiatric Program he was told that he would not be able

9  to participate in a particular program because his maximum custody status at CSP-Lac had not

10  been reduced.  He claims he was deprived of due process at the unit committee classification

11  hearing which resulted in his continued maximum custody status and ad seg placement pending

12  gang validation.  ECF No. 12, p. 14.  This resulted in his being subjected to deliberate

13  indifference to his need for mental health treatment.  Id. at 15.  His retention in ad seg subjected

14  him to "atypical" confinement and imposed a significant hardship on him because he was

15  confined to his cell 24 hours a day and deprived of group therapy and yard exercise.  Id.

16  Plaintiff describes his documented self-destructive behavior and suicide attempts at CMF in the

17  in-patient Acute Psychiatric Unit.  Id.

18          Plaintiff then returns to the alleged deficiency of the evidence and procedures

19  used to validate his gang membership.  Id. at 16-21.  Plaintiff next embarks on a narrative of the

20  alleged unconstitutional conditions of his confinement at the Vacaville Psychiatric Program

21  Intermediate Care Facility in which he was placed at one point.  Id. at 21-22.  Plaintiff's wide-

22  ranging allegations continue for nearly thirty more pages.

23          Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim,

24  crossclaim, or third-party claim may join, as independent or alternative claims, as many claims

25

26          [3]      Institutional Classification Committee.

4

1    as it has against an opposing party."  "Thus multiple claims against a single party are fine, but

2    Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

3    George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different

4    defendants belong in different suits[.]" Id.

5            It is true that Fed. R. Civ. P. 20(a)(2)provides that "[p]ersons . . . may be joined in

6    one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in

7    the alternative with respect to or arising out of the same transaction, occurrence, or series of

8    transactions or occurrences; and (B) any question of law or fact common to all defendants will

9    arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free

10   person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him,

11   D failed to pay a debt, and E infringed his copyright, all in different transactions – should be

12   rejected if filed by a prisoner."  Id. at 607.

13           The complaint in this action illustrates the "unfair burdens" imposed by

14   complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which

15   "fail to perform the essential functions of a complaint."  McHenry v. Renne, 84 F.3d 1172, 1179-

16   80 (9th Cir. 1996).   "As a practical matter, the judge and opposing counsel, in order to perform

17   their responsibilities, cannot use a complaint such as the one plaintiff[] filed, and" would have to

18   "prepare outlines to determine who is being sued for what."  Id. at 1179.  Even if the factual

19   elements of the cause of action are present, but are scattered throughout the complaint and are

20   not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule

21   8(a)(2) is proper.  McHenry , 84 F.3d at 1178.  "The propriety of dismissal for failure to comply

22   with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry, 84

23   F.3d 1179.   The complaint will be dismissed but plaintiff will be granted leave to amend.

24           If plaintiff chooses to amend the complaint, he must demonstrate how the

25   conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v.

26   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

5

each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect... .")  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  **Given his excessively lengthy original complaint, the court will now require that any amended complaint plaintiff submits must not exceed thirty pages.**

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, as plaintiff's original complaint is hereby dismissed, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6 Director of the California Department of Corrections and Rehabilitation filed concurrently

7 herewith.

8    3.  The complaint is dismissed for the reasons discussed above, with leave to file

9 an amended complaint within twenty-eight days from the date of service of this order.  **Any**

10 **amended complaint must not exceed thirty pages in length** (not counting exhibits).  Failure to

11 file an amended complaint will result in a recommendation that the action be dismissed.

12    4.  Plaintiff's January 9, 2013 (ECF No. 15), request for the appointment of

13 counsel is denied.

14 DATED: January 18, 2013.

15

16

17    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

18 AC:009
   spri2552.b

19

20

21

22

23

24

25

26

7