UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>Plaintiff,<br><br>v.<br><br>VIMAL J. SINGH, et al.,<br><br>Defendants. | No. 2:12-cv-2552 KJM AC P<br><br><br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. By Order filed on January 28, 2014 (ECF No. 47), this case was related to Springfield v. Allen, No. 2:13-cv-0809 KJM AC P. Pending before the court are: (1) defendants' motion to consolidate the two cases (ECF No. 31)[1]; (2) a fully briefed motion to dismiss the instant case for failure to exhaust administrative remedies, pursuant to non-enumerated Fed. R. Civ. P. 12(b), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 35, 45, 46); and (3) defendants' motion to strike plaintiff's surreply on the motion to dismiss (ECF No. 49).

On April 3, 2014, the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) and held that the defense of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) should be presented in a motion for summary judgment rather than a motion to

---

[1] See also Case No. 2:13-cv-0809 KJM AC P, ECF No. 22 (motion to consolidate).

1

dismiss under unenumerated Rule 12(b).  Albino v. Baca, No. 10-55702, 2014 WL 1317141 (9th Cir. Apr. 3, 2014) (en banc).  Because defendants have moved for dismissal of the complaint as administratively unexhausted pursuant to Rule 12(b), and have not complied with the requirements of Rule 56, the court will vacate the motion and direct defendants to file within 14 days a motion (or motions) that comply with Albino.  The portion of defendant's motion that asserts failure to state a claim, and does not involve administrative exhaustion, may be refiled as a separate motion or in combination with a motion for summary judgment pursuant to Rule 56 regarding plaintiff's alleged failure to exhaust.

Vacating the currently pending motion will have the effect of mooting defendants' motion to strike plaintiff's surreply.

The motion to consolidate remains pending and will be addressed in a later ruling.

Accordingly, IT IS ORDERED that:

1. Defendant's motion to dismiss (ECF No. 35) is vacated;

2. The motion to strike plaintiff's surreply (ECF No. 49) is denied as moot;

3. Defendants may, within fourteen days, bring a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on the issue of administrative exhaustion.  In doing so, defendants must provide plaintiff with notice required under Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc);

4. Defendants may, within fourteen days, re-file that portion of the vacated motion brought pursuant to Rule 12(b)(6) a separate motion or in combination with any motion for summary judgment regarding the exhaustion of administrative remedies.

DATED: April 9, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE