UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VIMAL J. SINGH, et al.,<br><br>　　　　Defendants. | No.  2:12-cv-2552 KJM AC P |
| CIRON B. SPRINGFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>V K. ALLEN, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-0809 KJM AC P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983.  By Order filed on January 28, 2014, the above-captioned cases were related.[1]  In Case No. 2:12-cv-2552, defendants have filed: (1) a motion for summary judgment predicated on plaintiff's alleged failure to have exhausted administrative remedies, ECF No. 51, and (2) a motion to dismiss for

---

[1] The motions to consolidate the two related cases, ECF No. 31 in Springfield v. Singh, Case No. 2:12-cv-2552, and ECF No. 22 in Springfield v. Allen, Case No. 2:13-cv-0809 KJM AC P will be addressed by separate order.

1

failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 54. Defendants in Case No. 2:12-cv-2552 have also filed a motion for a protective order seeking a stay of discovery pending adjudication of the motions at ECF Nos. 51 and 54 therein, (ECF No. 65) and, evidently in the alternative, a subsequent motion for a sixty-day extension of time to respond to plaintiff's requests for production of documents (ECF No. 69).

<u>Motion for a Protective Order – Case No. 12-2552</u>

Defendants move for a protective order under Federal Rule of Civil Procedure 26(c), seeking to be relieved of the obligation to respond to plaintiff's recently served discovery requests and to stay future discovery until such time as the motions to dismiss and for summary judgment have been adjudicated. ECF No. 65. Plaintiff served defendants with requests for production of documents on July 10, 2014. <u>Id</u>., Declaration of James Mathison ¶ 2, and Exhibit A at ECF No. 65-1.

The scope of discovery under Fed.R.Civ.P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense---including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." <u>Id</u>. Discovery may extend to relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id</u>. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery"; or if the proposed discovery is overly burdensome. Fed.R.Civ.P. 26(b)(2)(C)(i), (ii) and (iii).

The Federal Rules provide that good cause is required in order for a party to obtain a protective order. Fed. R. Civ. P. 26(c); <u>Kiblen v. Retail Credit Co</u>., 76 F.R.D. 402, 404 (E.D. Wash. 1977). "Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To prevail on a motion for a protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from

1  conclusory statements . . . ."  Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D.
2  652, 653 (D.Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D.Mont.
3  1986).  "The district court has wide discretion in controlling discovery."  Little v. City of Seattle,
4  863 F.2d 681, 684 (9th Cir. 1988) (discovery stayed until question of immunity decided in order
5  to promote judicial efficiency).  The determination must be made on a case-by-case basis.
6  Skellerup Ind. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995).

7       In this case, defendants observe that their pending motions are potentially case dispositive
8  and that plaintiff has opposed the motions without demonstrating the need for discovery in order
9  to do so.  ECF No. 65 at 5.  Even if the motions do not resolve this case, as defendants further
10 observe, their outcome will affect the discovery process by clarifying the scope of discovery that
11 is permissible and by determining the relevance of the discovery requests.  ECF No. 65 at 4,
12 citing Wood v. McEwan, 644 F.2d 797, 801 (9th Cir. 1981) per curiam (discovery may be limited
13 for "good cause" and "court may continue to stay discovery when it is convinced that the plaintiff
14 will be unable to state a claim for relief").  In addition, a Scheduling and Discovery Order has not
15 yet issued in this case.  The court finds that defendants should not be subjected to the undue
16 burden or expense of responding to discovery which may ultimately prove not to be reasonably
17 calculated to lead to the discovery of relevant evidence.

18       Accordingly, IT IS ORDERED that:

19       1. Defendants' motion for a protective order, ECF No. 65 in No. 2:12-cv-2552 KJM AC
20 P, seeking a stay of discovery pending resolution of the motion for summary judgment on
21 grounds of a failure to exhaust administrative remedies and the motion to dismiss for failure to
22 state a claim is granted; and,

23       2. Defendants' motion for an extension of time to respond to plaintiff's request for
24 production of documents, ECF No. 69 in Case No. 2:12-cv-2552, is denied as moot.

25 DATED: August 12, 2014

26                                         _____
                                           ALLISON CLAIRE
27                                         UNITED STATES MAGISTRATE JUDGE

28

3