UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIMAL J. SINGH, et al.,<br><br>　　　　Defendants. | No.  2:12-cv-2552 KJM AC P |
| CIRON B. SPRINGFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>V K. ALLEN, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-0809 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983.  The above-captioned cases were related by Order filed on January 28, 2014.[1]  Pending before the court are defendants' motions to consolidate the two related cases, which were filed in conjunction with the notice of related cases, ECF No. 31 in Springfield v. Singh, Case No. 2:12-cv-2552 KJM AC P, and ECF No. 22 in Springfield v. Allen, Case No. 2:13-cv-0809 KJM AC P.

---

[1] See Order at ECF No. 47 in Springfield v. Singh, Case No. 2:12-cv-2552 KJM AC P, and at ECF No. 26 in Springfield v. Allen, Case No. 2:13-cv-0809 KJM AC P.

1

Motion to Consolidate

In <u>Springfield v. Singh</u>, Case No. 2:12-cv-2552 KJM AC P (hereafter, <u>Singh</u> action), plaintiff proceeds on his claims in an amended complaint, ECF No. 21, alleging due process violations in the gang validation investigative process and/or plaintiff's continued or extended placement in administrative segregation. These claims are stated against sixteen defendants at three separate facilities: California State Prison (CSP)-Lancaster, California Medical Facility (CMF)-Vacaville and CSP-Sacramento. ECF No. 24. Plaintiff also proceeds on claims of deliberate indifference to a serious mental health condition against six of these defendants. Among the sixteen defendants in the <u>Singh</u> action are defendants Allen, Singh and Arnold who are also the defendants against whom plaintiff proceeds in the later filed <u>Springfield v. Allen</u> case, No. 2:13-cv-0809 KJM AC P (hereafter, <u>Allen</u> action).

The allegations of the <u>Singh</u> action encompass a broader period of time (from March 21, 2011 to September 4, 2012) than do those of the <u>Allen</u> action (from August 4, 2011 to January 25, 2012). Compare ECF No. 21 (amended complaint) in the <u>Singh</u> action to ECF No. 10 (operative complaint[2]) in the <u>Allen</u> action. As defendants observe, the allegations of the second case (<u>Allen</u>) focus more narrowly on defendants located at a single facility, CMF, and on specific unit and/or institutional classification hearings held on August 25, 2011; January 11, 2012; January 18, 2012 and January 25, 2012. In the <u>Allen</u> action, there is an additional alleged due process violation asserted as to two of the hearings, the alleged absence of a 72-hour notice prior to the hearings, among otherwise similar or identical allegations of violations of due process.

Under Rule 42 of the Federal Rules of Civil Procedure:

> (a) If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or

---

[2] Although characterized in the <u>Allen</u> case docket as the first amended complaint, it is actually the unsigned original complaint re-filed after having been signed and dated as directed by the <u>Order</u> at ECF No. 4.

1
2

      (3) issue any other orders to avoid unnecessary cost or delay.

By Order filed on October 17, 2013, defendants in Case No. 13-cv-0809 (<u>Allen</u>) were granted an extension of time to respond to the complaint until the court ruled on the motion to consolidate. Meanwhile, Case No. 2:12-cv-2552 (<u>Singh</u>) has been proceeding on a separate track and now has potentially dispositive motions pending: (1) a motion for summary judgment predicated on plaintiff's alleged failure to have exhausted administrative remedies, ECF No. 51, and (2) a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 54. Although the court finds that plaintiff makes essentially the same allegations of violations of due process and deliberate indifference against defendants Allen, Singh and Arnold in the later <u>Allen</u> action that are included within the more expansive earlier-filed <u>Singh</u> action, to the extent plaintiff modifies his allegations against the defendants in <u>Allen</u>, the precise alterations are not likely to be specifically addressed in the pending motions in <u>Singh</u>.

"To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." <u>Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

In the current posture of the cases, the court finds there that it would promote greater judicial efficiency and cause less delay and confusion to address the pending motions in the <u>Singh</u> action separately from the related <u>Allen</u> case. The motion to consolidate the cases will, therefore, be denied without prejudice to its renewal upon resolution of the motions in <u>Singh</u>. In addition, defendants Allen, Singh and Arnold in Case No. 13-cv-0809, therefore, will now be directed to file a response to the May 8, 2013 complaint within thirty days.

Accordingly, IT IS ORDERED that:

1. The motion to consolidate the above-captioned cases, ECF No. 31 in <u>Springfield v. Singh</u>, Case No. 2:12-cv-2552 KJM AC P and ECF No. 22 in <u>Springfield v. Allen</u>, Case No. 2:13-cv-0809 KJM AC P, is denied without prejudice to its renewal upon adjudication of the motions at ECF Nos. 51 and 54 in Case No. 2:12-cv-2552;

2. Defendants Allen, Singh and Arnold in Case No. 13-cv-0809 KJM AC P must file their

3

Case 2:12-cv-02552-KJM-AC   Document 71   Filed 08/14/14   Page 4 of 4

1  response to the May 8, 2013 complaint (ECF No. 10) within thirty days of the date of this order.

2  DATED: August 13, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE