UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2:12-cv-2552 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| VISMAL J. SINGH, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 24, 2014, defendants filed a motion for summary judgment based on Federal Rule of Civil Procedure 56 in which they contend plaintiff failed to exhaust administrative remedies as to all claims and all defendants except plaintiff's due process claim against defendant Lee. On April 25, 2014, defendants filed a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. On March 24, 2015, the magistrate judge filed findings and recommendations recommending that defendants' motion for summary judgment be granted in part and denied in part, that defendants' motion to dismiss be granted in part and denied in part, that seven defendants be dismissed from this action without prejudice due to plaintiff's failure to exhaust administrative remedies against them, and

1

that this action proceed on plaintiff's due process and deliberate indifference claims against nine other defendants.[1]  The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  Defendants have filed objections to the findings and recommendations and plaintiff has filed a response to defendants' objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[2]  The court writes separately to address defendants' specific objections, which are limited to the magistrate judge's findings that plaintiff administratively exhausted claims against eight of nine defendants.  Defendants contend (1) plaintiff failed to identify certain defendants known to him at the time he submitted his administrative appeals, as required by applicable regulation; and (2) plaintiff improperly added issues to include certain defendants in appeals after the appeals were submitted for review.  ECF No. 82 at 5.

Defendants' first objection centers on defendant Allen.  The magistrate judge finds that Appeal Log No. CMF-11-01421 was sufficient to exhaust administrative remedies with respect to plaintiff's due process and deliberate indifference claims against defendant Allen, among others.  Defendants contend plaintiff did not "list or name" defendant Allen in the original grievance submitted in this appeal and that the undisputed facts show that plaintiff "knew the name, title or position, and involvement of Allen when he originally submitted this appeal . . . because a supporting document Plaintiff submitted with this appeal . . . references Allen as chairperson of

---

[1] The magistrate judge also recommends that plaintiff be granted thirty days to file a second amended complaint, if he so chooses, limited to the claims and defendants identified in the findings and recommendations or, in the alternative, that the action proceed on the first amended complaint, limited to the claims and defendants that survive defendants' motions for summary judgment and to dismiss.  ECF No. 76 at 39-40.  Neither party has objected to this recommendation.

[2] The court notes that Case No. 2:13-cv-00809 KJM AC P was dismissed without prejudice by order filed April 28, 2015.  *See* ECF No. 76 at 2 (describing a then-pending recommendation to dismiss Case No. 2:13-cv-00809 KJM AC P).

1   the Institutional Classification Committee ("ICC") hearing . . . that was the subject of the
2   appeal. . . ." ECF No. 82 at 5-6.  Defendants' objection elevates form over substance.  The
3   regulation at issue requires an inmate to "list all staff member(s) involved and . . . describe their
4   involvement in the issue." Cal. Code Regs. tit. 15 § 3084.2.  Defendants acknowledge that
5   plaintiff's original grievance centered on the August 25, 2011 ICC decision.  ECF No. 82 at 6.
6   Plaintiff appended to that grievance the August 25, 2011 ICC decision, which identified all three
7   members of the August 25, 2011 ICC.  *See* ECF No. 35-8 at 16, 28.  Defendants' objections are
8   overruled as to defendant Allen.

9   Defendants next object that Appeal Log No. CMF-11-01421 was insufficient to exhaust
10  plaintiff's claims against defendant Arnold or Singh because plaintiff improperly added those
11  defendants to the appeal at the second and third levels of review, respectively.  ECF No. 82 at 6.
12  As the magistrate judge correctly found, this administrative appeal is properly construed as
13  containing plaintiff's due process challenge to his custody status at California Medical Facility
14  (CMF) as well as the implications and consequences of that status on the adequacy of his mental
15  health care at CMF.  *See* ECF No. 76 at 21.  Defendant Arnold was the decisionmaker at the first
16  level of administrative review, and also was the chairperson of the January 25, 2012 ICC that
17  reviewed plaintiff's custody status in accordance with a modification order issued after the first
18  level response to Appeal Log No. CMF-11-01421.  *See* ECF No. 35-8 at 22-23, 26, 29.  The
19  January 25, 2012 ICC determined that plaintiff would remain at Max custody level and would
20  continue participation in the Department of Mental Health treatment program at the Phase One
21  level based on the "pending validation process, past disciplinary history and classification
22  score. . . ." ECF No. 35-8 at 26.  That decision was incorporated into the appeal decision at the
23  second and third levels of administrative review.  *See* ECF No. 35-8 at 8, 26.  Similarly,
24  plaintiff's complaints about the second level decision, which was made by defendant Singh and
25  which confirmed plaintiff's custody status and mental health treatment status, were incorporated
26  into the decision at the third level of administrative review.  *See* ECF No. 35-8 at 8.  The
27  magistrate judge properly found that the relevant regulation permits clarification of an appeal
28  over the course of administrative exhaustion, and that this grievance was sufficient to

3

1  administratively exhaust plaintiff's claims against both of these defendants. Defendants'
2  objections are overruled as to plaintiff's due process and deliberate indifference claims against
3  defendants Arnold and Singh.

4  Defendants also object to the magistrate judge's finding that Appeal Log No. CMF-12-
5  00080 was sufficient to exhaust plaintiff's claims against defendants Hernandez, Clemons,
6  Williams, Romero, Mebane and Singh. ECF No. 82 at 6-7. Predicating their objection on the
7  fact that plaintiff only identified defendant Lee by name in the original grievance that formed the
8  basis for this administrative appeal, defendants contend it is error to conclude that the identity of
9  correctional staff members and their roles in events that form the basis for an inmate grievance
10 can be ascertained and/or clarified over the course of the administrative process. As discussed
11 above, the magistrate judge properly found that the regulation on which defendants rely permits
12 clarification of an appeal, including the identity of correctional staff involved in events
13 complained of, over the course of the administrative process. For the reasons set forth in the
14 findings and recommendations, this appeal was sufficient to exhaust plaintiff's claims against
15 these six defendants.[3]

16 For the foregoing reasons, IT IS HEREBY ORDERED that:

17 1. The findings and recommendations filed March 24, 2015, are adopted in full, with the
18 following minor corrections: At page 21, line 9 of the findings and recommendations, "TLS" is
19 corrected to "TLR," and at page 22, line 5, "maximum" is corrected to "maximize";

20 2. Defendants' motion for summary judgment (ECF No. 51) is granted in part and denied
21 in part;

22 3. Defendants Wofford, Cromwell, Duffy, Meier, O'Brian, Konrad and Villasenor are
23 dismissed from this action without prejudice on the ground that plaintiff failed to exhaust his
24 administrative remedies against them;

---

[3] Defendants also request an evidentiary hearing should the court find that "the undisputed facts do not establish that Plaintiff failed to exhaust." ECF No. 82 at 7. Defendants do not elaborate in their objections on the nature of the factual issues they contend are in dispute. An evidentiary hearing is not required.

4. Defendants' motion to dismiss (ECF No. 54) is granted in part and denied in part;

5. This action proceeds on plaintiff's due process and deliberate indifference claims against defendants Allen, Singh, Arnold, Lee, Hernandez, Clemons, Williams, Romero and Mebane, as construed by the findings and recommendations;

6. Plaintiff is granted thirty days after service of this order to file and serve, if he so chooses, a Second Amended Complaint that is limited to the defendants and claims identified by the magistrate judge and as approved by this court.  If plaintiff chooses not to file a Second Amended Complaint, this action will proceed on the First Amended Complaint as construed by the findings and recommendations; and

7.  This matter is referred back to the magistrate judge for further proceedings.

DATED:  September 29, 2015.

_____
UNITED STATES DISTRICT JUDGE