UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2:12-cv-2552 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| VISMAL J. SINGH, et al., | |
| Defendants. | |

On September 30, 2015, the district judge adopted the undersigned's findings and recommendations filed March 24, 2015. See ECF Nos. 87, 76. The court granted in part and denied in part defendants' motion for summary judgment and motion to dismiss, and ruled that this action shall proceed on plaintiff's due process and deliberate indifference claims against defendants Allen, Singh, Arnold, Lee, Hernandez, Clemons, Williams, Romero, and Mebane. The court granted plaintiff thirty days within which to file and serve a Second Amended Complaint, limited to the defendants and claims remaining in this action, or to choose to proceed on his First Amended Complaint.

Currently pending is plaintiff's request for appointment of counsel. See ECF No. 80. This is plaintiff's third request. See ECF No. 15 (denied by ECF No. 16); ECF No. 23 (denied by ECF No. 24). In his present request, plaintiff again asserts that his mental illness renders him unable to effectively represent himself, that the legal issues presented by this case are complex,

1

and that plaintiff's access to appropriate legal resources is limited.

As this court has previously informed plaintiff, district courts do not have the authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may the district court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). To determine whether there are exceptional circumstances, the court must evaluate plaintiff's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The burden of demonstrating exceptional circumstances is on plaintiff. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances. Id.

The undersigned has carefully evaluated the merits of this case in preparing findings and recommendations in response to defendants' recent dispositive motions. See ECF No. 76. Plaintiff's diagnosed mental illnesses are well documented in the record. Although plaintiff's pro se pleadings and briefing were helpful, they require deciphering. Plaintiff's extensive exhibits were more helpful but required the undersigned's legal expertise to determine their relevance and significance. It is clear that plaintiff's ability to articulate his claims pro se is significantly limited both by his mental illness and the complexity of the facts and legal issues presented by this case. Moreover, the court's ultimate determination that this action will now proceed on plaintiff's due process and deliberate indifference claims against nine defendants (seven defendants were dismissed without prejudice) demonstrates a reasonable likelihood that plaintiff could succeed on the merits of this action.

For these reasons, the court finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Nevertheless, given the limited number of available volunteer counsel, this appointment will be for a limited time and purpose.

Appointed counsel will be requested to interview plaintiff and review the record, and then to investigate, draft, file and serve a comprehensive Second Amended Complaint that conforms to the court's recent rulings. Thereafter, the court will consider whether continued appointment is appropriate and available for purposes of a settlement conference and/or further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, ECF No. 80, is granted.

2. The thirty-day deadline for plaintiff to file a Second Amended Complaint or choose to proceed on the First Amended Complaint, see ECF No. 87 at 5, is vacated.

3. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept the limited appointment described herein.

DATED: October 6, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE